# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MACY'S RETAIL HOLDINGS, INC.,**
**Employer Below, Petitioner**

**FILED**
**February 8, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-482**          (JCN: 2022023827)

**CHARLES REED,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Macy's Retail Holdings, Inc., ("Macy's") appeals the October 2, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Charles Reed filed a response.[1] Macy's did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Reed suffered an occupational injury to his left shoulder on or around May 29, 2022. Mr. Reed was working as a line captain for the employer when he reached up to stop a box from falling off the belt line and the weight of the box caused a pop and an immediate onset of pain in his left shoulder. Mr. Reed submitted an Employee's and Physician's Report of Occupational Injury dated June 3, 2022, indicating that he sustained an occupational injury to his left shoulder.

On June 3, 2022, Mr. Reed was seen by Katherine Hart, NP, and he reported his workplace injury had occurred on May 29, 2022. Mr. Reed indicated that he was experiencing pain from his left shoulder radiating over to his neck and right shoulder, radiating down to his left hand, and numbness in his hands. Mr. Reed was diagnosed with left shoulder pain and an injection was administered for pain. NP Hart restricted Mr. Reed from overhead work, with a 5-pound weight limit for lifting, pulling, or pushing.

---

[1] Macy's is represented by Jane Ann Pancake, Esq., and Jeffrey B. Brannon, Esq. Mr. Reed is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

1

Mr. Reed underwent an MRI of his left shoulder on September 1, 2022, revealing a large full-thickness tear of the rotator cuff. On January 17, 2023, Mr. Reed was deposed. Mr. Reed testified that he had no injuries or other issues with his left shoulder prior to his workplace injury in May 2022. Mr. Reed indicated that prior to the injury, between 1974 and 2018, he had received Social Security Disability benefits that were not related to his left shoulder.

On June 15, 2022, the claim administrator issued an order rejecting Mr. Reed's claim due to a "preexisting injury." On October 2, 2023, the Board reversed the claim administrator's order and found that there was no medical evidence that Mr. Reed had any preexisting injury to his left shoulder prior to his workplace injury. The Board further ordered the claim administrator to issue a protestable order regarding the compensable diagnoses in this claim and to address Mr. Reed's entitlement to temporary total disability benefits. Macy's now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Macy's argues that the Board erred in holding this claim compensable when there is no compensable diagnosis listed on Mr. Reed's WC-1 form. Macy's also argues that Mr. Reed's statements regarding the date of his injury have been inconsistent, and his testimony is, therefore, unreliable. We disagree.

The Supreme Court of Appeals of West Virginia held, in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Gill* at 738, 783 S.E.2d at 858, syl. pt. 3

The Supreme Court clarified its position in *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022), holding:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Moore* at 294, 879 S.E.2d at 781, syl. pt. 5

Here, the Board analyzed the claim under *Gill* and *Moore,* and found that Mr. Reed had established that he suffered a compensable discrete new injury to his left shoulder based on the medical evidence. The Board noted that there was no medical evidence that Mr. Reed had any preexisting injury to his left shoulder prior to his workplace injury. Ultimately, the Board ordered the claim administrator to issue a protestable order regarding the compensable diagnoses in this claim and to address Mr. Reed's entitlement to TTD benefits.

Upon review, we conclude that the Board was not clearly wrong in determining that Mr. Reed suffered a discrete new injury to his left shoulder based on the lack of medical evidence of any preexisting injury. Further, the Board was not clearly wrong in holding the claim compensable and remanding the claim back to the claim administrator for a determination of compensable conditions. Although Macy's argues that the WC-1 form did not list a diagnosis that could be held compensable, we find that the claim administrator is not limited to that document and can review other medical records in order to determine an appropriate compensable condition in this claim in accordance with the Board's order. The Supreme Court of Appeals of West Virginia has previously upheld a Board's order holding a claim compensable and remanding the matter for the purpose of ascertaining the appropriate compensable condition. *See Constellium Rolled Products v. Myers*, 2021 WL 2580719, at *3 (W. Va. June 23, 2021) (memorandum decision) (finding that the Board

correctly remanded the matter for a determination of the compensable condition(s) in the claim after the claimant showed by a preponderance of the evidence that he sustained an occupational injury).

We find no merit in Macy's argument that Mr. Reed's "inconsistent statements" regarding his date of injury make his testimony unreliable. Although the Board did not directly address this argument, we note that Mr. Reed has consistently indicated that his occupational injury occurred in late May of 2022.

Accordingly, we affirm the Board's October 2, 2023, order.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4